<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **THOMAS N. PALLOTTA,**<br><br>        **Plaintiff,**<br><br>        v.<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security**<br><br>        **Defendant.** | **Civil Action No. 14-02561 (ES)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

Pending before the Court is the motion to dismiss filed by Defendant Commissioner of Social Security. (D.E. No. 17). Plaintiff opposes the motion. (D.E. Nos. 19, 20). The Court decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On July 10, 2006, the Social Security Administration ("SSA") mailed *pro se* Plaintiff Thomas N. Pallotta a notice regarding his eligibility for Social Security benefits. (D.E. No. 18, Defendant's Moving Brief ("Def. Mov. Br.") at 1). On that same day, Plaintiff was notified that he was not eligible for Supplemental Security Income ("SSI") due to excess resources. (*Id.*).

On January 19, 2013, the SSA notified Plaintiff that he would receive $397 in monthly retirement benefits. (*Id.*; D.E. No. 18-1, Declaration of Kathie Hart ("Hart Decl.") Ex. 3). However, on March 19, 2013, Plaintiff indicated that he wanted to appeal the January 19, 2013 decision regarding his early retirement. (Def. Mov. Br. at 1; Hart Decl. Ex. 4). As such, Plaintiff

1

requested a reconsideration form. (Def. Mov. Br. at 1; Hart Decl. Ex. 4). The SSA mailed Plaintiff a Request for Reconsideration form on March 22, 2013. (Def. Mov. Br. at 1; Hart Decl. Ex. 5).

Despite requesting a reconsideration form, Plaintiff instituted the instant civil action on April 22, 2014. (D.E. No. 1). On January 28, 2015, the Court directed Plaintiff to serve a copy of the Summons and Complaint upon Defendant within sixty days. (D.E. No. 14). On June 11, 2015, Defendant filed the instant motion to dismiss. (D.E. No. 17). Plaintiff filed two letters in opposition to Defendant's motion to dismiss. (D.E. Nos. 19, 20).

The matter is now ripe for resolution.

## II.    DISCUSSION

Plaintiff seeks for the Court to (i) review the SSA's determination of his ineligibility for Social Security benefits; (ii) compel the SSA to send Plaintiff a reconsideration determination; and (iii) compel the SSA to allow Plaintiff to proceed to the hearing and appeals council. (D.E. No. 1, Complaint ("Compl.") at 2). Defendant argues that the District Court lacks jurisdiction. (Def. Mov. Br. at 3). In particular, Defendant asserts that "[s]ince Plaintiff has not had a hearing or received a final decision, he has not exhausted his administrative remedies or obtained a judicially reviewable 'final decision after a hearing.'" (*Id.* (citing 20 C.F.R. §§ 406.900(a)(5), 416.1400(a)(5)).

In claims arising under the Social Security Act, judicial review is permitted only in accordance with 42 U.S.C. § 405(g). The Social Security Act establishes the following relevant jurisdictional basis for judicial review of Social Security cases:

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

2

42 U.S.C. § 405(g) (emphasis added).

The SSA has promulgated a four step administrative review process to determine claimants' rights under the Social Security Act. *See* 20 C.F.R. § 404.900(a). The review process is as follows:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter . . . that gives you a right to further review.
>
> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review that decision.

20 C.F.R. § 404.900(a)(1)-(4). The SSA goes on to state that, "[w]hen you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." 20 C.F.R. § 404.900(a)(5).

Here, the Court concludes that it lacks jurisdiction over the instant case for Plaintiff's failure to receive a "final decision of the Commissioner." To begin, Plaintiff submitted the Complaint "under the provisions of Section 205(g) of the Social Security, 42 U.S.C. § 405(g), to review a final decision of the Commissioner." (Compl. ¶ 4). As previously noted, however, Plaintiff has not received a final decision and thus has not exhausted his administrative remedies. (Def. Mov. Br. at 3).

Although Plaintiff's Complaint repeatedly asserted that the Court has jurisdiction under § 405(g), Plaintiff concedes that he has not exhausted the four step administrative review process.

3

Indeed, Plaintiff is cognizant of the four step review process. (*See* Compl. at 1 ("SSA is required to first issue a reconsideration determination, and the hearing office is required to first issue a hearing decision, before the Appeals Council can issue a final decision made after a hearing."). Nevertheless, Plaintiff requests that the SSA send him a reconsideration determination so that he can proceed to a hearing and Appeals Council review—thus conceding that he has not fully exhausted the administrative review process. (Compl. at 2).

Based on Plaintiff's representations and the documentation submitted in support of Defendant's motion to dismiss, it is clear that Plaintiff has not exhausted all of the proper administrative steps. Indeed, a claimant may not seek judicial review until after Appeal Council review. *See* 20 C.F.R. § 404.900(a). But, there is no evidence an Appeals Council review has occurred. Rather, it would appear that Plaintiff filed for reconsideration and is waiting for a reconsideration determination from the SSA.

Given that Plaintiff has not received a final decision from the Commissioner of Social Security, the Court lacks jurisdiction under 42 U.S.C. § 405(g). Accordingly, the Court must dismiss the instant case.

To the extent Plaintiff is attempted to assert a due process claim, he has not properly done so. Plaintiff does not raise due process concerns in the Complaint. Rather, Plaintiff raises due process concerns for the first time in opposition to Defendant's motion to dismiss. (*See* D.E. No. 19). However, it would still appear that Plaintiff's claims fall under 42 U.S.C. § 405(g) because Plaintiff indicates that he "filed for judicial review because under SSA due process law [he] is entitled to disability benefits . . . ." (*Id.* at 1). Thus, it would appear that Plaintiff takes issue with a prior disability determination. In order for the court to review such determination, Plaintiff must exhaust the proper administrative remedies.

As such, the Court concludes that it lacks jurisdiction over the instant case. Plaintiff may file a motion to reopen the instant case should he exhaust the proper administrative remedies.

## V. CONCLUSION

Accordingly, the Court grants Defendants' motion to dismiss *without* prejudice. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**