**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **THOMAS N. PALLOTTA,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 14-2561 (ES) |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner of Social Security** | : | |
| | : | |
| Defendant. | : | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on a motion for reconsideration by *pro se* Plaintiff Thomas N. Pallotta ("Plaintiff") of this Court's October 7, 2016 Order granting Defendant Commissioner of Social Security's ("Defendant") motion to dismiss. (*See* D.E. No. 23). For the reasons below, Plaintiff's motion is DENIED.

1. The Court provides the background of this action in summary fashion because it writes for the parties who are undoubtedly familiar with the procedural and factual background of this protracted litigation. On April 22, 2014, Plaintiff filed a Complaint against Defendant for not reviewing his Social Security claim, which was to be addressed by the Appeals Council review. (*See* D.E. No. 1). On June 11, 2015, Defendant filed a motion to dismiss Plaintiff's Complaint. (*See* D.E. No. 17). On October 7, 2016, the Court granted Defendant's motion to dismiss and dismissed Plaintiff's claim without prejudice, but ordered that Plaintiff may file a motion to reopen the case "after receiving a final decision from the Commissioner of Social Security." (*See* D.E. Nos. 22 & 23).

2. On November 15, 2016, Plaintiff filed a letter addressing issues discussed in this Court's October 7, 2016 Opinion and Order. (*See* D.E. No. 24; *see also* D.E. Nos. 22 & 23). The Court will construe Plaintiff's November 15, 2016 letter as a motion for reconsideration because it "liberally construes documents filed by pro se plaintiffs, and holds such plaintiffs to less stringent standards than lawyers." *Abulkhair v. U.S. Postal Serv.*, No. 13-7796, 2015 WL 10937033, at *1 (D.N.J. Feb. 19, 2015); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that "[a] document filed *pro se* is to be liberally construed"). On December 6, 2016, Defendant stated that it did not intend to respond to Plaintiff's requests because "Plaintiff had failed to exhaust the proper administrative remedies and the Court lacks jurisdiction." (D.E. No. 27).

3. This District's Local Civil Rule 7.1 permits motions for reconsideration that set forth "the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). "Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted." *Onyx Ins. Co. v. N.J. Dep't of Banking & Ins. (DOBI)*, No. 15-3469, 2016 WL 6986451, at *1 (D.N.J. Nov. 28, 2016) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)). "A party seeking reconsideration must show at least one of the following: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Cole v. Guardian Life Ins. Co. of Am.*, 594 F. App'x 752, 756 (3d Cir. 2014) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

To be sure, "[o]rdinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue." *Wisowaty v. Port Auth. Trans-Hudson Corp.*, No. 11-2722, 2013

WL 103385, at *2 (D.N.J. Jan. 8, 2013). "Moreover, L. Civ. R. 7.1(i) does not allow parties to recapitulate cases and arguments which the court has already considered before rendering its original decision." *Id.* "In other words, '[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.'" *Exel v. Govan*, No. 12-4280, 2016 WL 6534396, at *2 (D.N.J. Nov. 1, 2016) (quoting *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998)); *see also Onyx Ins. Co.*, 2016 WL 6986451, at *1 ("A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made.").

4. The Court agrees with Defendant that Plaintiff has again failed to exhaust all of his administrative remedies. (*See* D.E. No. 27). Judicial review of claims arising under the Social Security Act is permitted only "*after* any final decision of the Commissioner of Social Security made after a hearing to which [the Commissioner] was a party." 42 U.S.C. § 405(g) (emphasis added). And in its October 7, 2016 Order, this Court allowed Plaintiff to file a motion to reopen the instant case "should he exhaust the proper administrative remedies." (*See* D.E. No. 23). Plaintiff has failed to do so and has not yet received a final decision from the Commissioner. Consequently, the Court lacks jurisdiction and cannot, as Plaintiff suggests, "direct [the] SSA to follow its own due process rules."[1] *See* 42 U.S.C. § 405(g); (D.E. No. 24 at 5). Moreover, Plaintiff's letter fails to point to any issues that the Court may have overlooked in its prior decision. (*See* D.E. No. 24). Indeed, the letter simply reiterates Plaintiff's allegations in his Complaint that the Court already examined and dismissed. (*See* D.E. Nos. 1 & 24). Accordingly, the Court finds that Plaintiff's letter does not warrant reconsideration of this Court's previous decision.

---

[1] The Court also acknowledges Plaintiff's November 30, 2016 letter, which asks this Court to reconsider its decision and asserts allegations against Defendant. (*See* D.E. No. 25). The Court notes, however, that it still lacks jurisdiction for the reasons set forth today and in the Court's October 7, 2016 Opinion and Order. (*See* D.E. Nos. 22 & 23).

3

5. Having failed to decipher a legally sufficient basis for reconsideration, and further having nevertheless conducted a cursory review of Plaintiff's allegations in light of his status as a *pro se* litigant and his pending motion for reconsideration, the Court does not see any basis for granting Plaintiff's motion. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**